# IN THE COURT OF APPEALS OF IOWA

No. 22-0298
Filed September 21, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KEVIN WILLIAM MAAS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer,

Judge.

A defendant challenges his guilty plea based on an alleged defect in the

plea proceedings. **APPEAL DISMISSED.**

Christopher J. Roth of Roth Weinstein, LLC, Omaha, Nebraska, for

appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Kevin Maas appeals his conviction based on an alleged defect in his plea proceedings. He contends the record shows no evidence that he was advised of his constitutional rights before entering a guilty plea. Because we find ourselves without jurisdiction, we dismiss his appeal.

On February 9, 2022, Maas entered a written guilty plea to a class "D" felony. As permitted by Iowa Rule of Criminal Procedure 2.8 and the Iowa Supreme Court's COVID-19 protocol then in effect, Maas waived personal appearance at his guilty plea and sentencing hearings. The district court accepted Maas's guilty plea and entered judgment and sentence on February 11. Maas filed a timely notice of appeal, alleging his plea should be set aside for failure to substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b).

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). However, "we utilize a substantial compliance standard to determine whether a plea crosses the rule 2.8(2)(b)(2) threshold." *Id.* at 682. Therefore, we will apply this standard to the remaining subparagraphs of rule 2.8(2)(b) at issue in this appeal.

The parties agree that the written plea filed with the court, which was obviously missing two pages, did not satisfy the requirements of rule 2.8(2)(b). Despite this concession, the State contends Maas's appeal should fail because he failed to preserve error, and even if error is preserved, he would not be entitled to relief. To preserve error, Maas needed to file a motion in arrest of judgment with the district court. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment

shall preclude the defendant's right to assert such challenge on appeal."). Maas contends that his failure to file a motion in arrest of judgment, which was a right he explicitly waived in his plea, should be excused because he established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021) (permitting appeal from a conviction where the defendant pled guilty if good cause is established). Good cause means a "legally sufficient reason," which "is a ground that potentially would afford the defendant relief." *State v. Tucker*, 959 N.W.2d 140, 149 (Iowa 2021). Maas presented no such ground.

Iowa Code section 814.29 stipulates: "If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." Maas makes no assertion that he would not have pled guilty if his plea complied with the requirements of rule 2.8(2)(b). Rather, he contends failure to comply with said rule means the court could not have considered whether his plea was made intelligently and voluntarily. Maas reasons this scenario should establish good cause for appeal and constitute a new exception to Iowa Code section 814.29. However, our supreme court in *State v. Tucker* expressly declined to "expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." *Id.* at 153. Accordingly, Maas has not established good cause to pursue an appeal from his guilty plea. We are without jurisdiction to hear the appeal, and it must be dismissed.

**APPEAL DISMISSED.**